Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Jonathan P. Ibsen

*Bankruptcy Counsel for the*
 *Debtor Post-Confirmation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :        Chapter 11
                                                            :        Case No. 09-14398 (AJG)
CABRINI MEDICAL CENTER,                                     :
                                                            :
                                        Debtor.             :
                                                            :
------------------------------------------------------------x
                                                            :
CABRINI MEDICAL CENTER,                                     :
                                                            :
                                        Plaintiff,          :        Adv. Pro. No. _____
                                                            :
            - against -                                     :
                                                            :
GUIDO PADULA, DILVA SALVIONI                                :
ANGELO TARANTA AND                                          :
MANNUCCIO MANNUCCI                                          :
                                                            :
                                        Defendants,         :
                                                            :
------------------------------------------------------------x

**COMPLAINT TO:  (I) DECLARE THAT THE FUNDS SUBJECT TO EACH OF THE DEFENDANT'S DEFERRED COMPENSATION AGREEMENTS WERE AND ALWAYS REMAINED CABRINI'S PROPERTY;  AND (II) DECLARE THAT THE PROOFS OF CLAIM FILED BY EACH OF THE DEFENDANTS BE ALLOWED AS GENERAL <u>UNSECURED CLAIMS IN THE AMOUNTS SCHEDULED BY THE DEBTOR</u>**

TO THE HONORABLE ARTHUR J. GONZALEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

        Cabrini Medical Center ("Cabrini" or the "Debtor"), the post-confirmation

debtor herein, by its attorneys Togut, Segal & Segal LLP, as and for its complaint

against Guido Padula ("Padula"); Dilva Salvioni ("Salvioni"), Angelo Taranta ("Taranta"), and Mannuccio Mannucci ("Mannucci"), alleges upon information and belief that:

**JURISDICTION AND VENUE**

1.      This adversary proceeding arises under the Bankruptcy Code and arises in and is related to the above-captioned chapter 11 case pending before this Court.

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

4.      This adversary proceeding is commenced under 11 U.S.C. § 541 and Rule 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure.

5.      Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

**A.      CABRINI**

6.      Up until early 2008, Cabrini operated an acute care voluntary hospital on East 19th Street in Manhattan.

7.      Cabrini filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 9, 2009 (the "Petition Date").

8.      On the Petition Date, Cabrini had only $227,101 in cash.  (Schedule A, Docket no. 84).

9.      This Chapter 11 case was funded by a debtor-in-possession loan provided by the Missionary Sisters of the Sacred Heart, a not-for-profit corporation or-

2

ganized under the laws of the State of Illinois and approved by this Court, and which was repaid pursuant to the an allocation motion approved by order of this Court, and the terms of the loan documents.

10.  On December 21, 2010, Cabrini filed its Chapter 11 Plan of Liquidation of Cabrini Medical Center (the "Plan") and Disclosure Statement Relating to the Chapter 11 Plan of Liquidation of Cabrini Medical Center (the "Disclosure Statement") (Docket Nos. 501 and 502, respectively).

11.  The defendants filed an objection to the approval of the Disclosure Statement on the basis that (i) the Disclosure Statement overstated the Debtor's assets available for distribution to creditors because it failed to properly account for the amounts owed to them under each of the deferred compensation agreements.

12.  On January 25, 2011, Cabrini filed its First Amended Plan and the First Amended Disclosure Statement.

13.  On January 26, 2011, the Court entered an Order approving the First Amended Disclosure Statement.

14.  The defendants filed a limited objection to Confirmation of the First Amended Plan, objecting to the scope of the injunction provisions contained in the Amended Plan.

15.  On March 30, 2011, the Court Confirmed the Debtor's First Amended Plan, and directed the parties to submit a Confirmation Order modifying the language of the injunction provisions.

16.  On April 13, 2011, the Court entered its Order Confirming Cabrini's Amended Plan.

17.  The Plan was deemed Effective as of May 2, 2011.

B.      **THE DEFENDANTS**

18.     Upon information and belief, Guido Padula is a natural person residing at 300 Rector Place, New York, New York.

19.     Upon information and belief, Dilva Salvioni is a natural person residing at 350 E. 57th Street, New York, New York, and the widow of a Daniele Salvioni.

20.     Upon information and belief, Angelo Taranta is a natural person residing at 100 Bay Place, Oakland, California.

21.     Upon information and belief, Mannuccio Mannucci is a natural person residing at 21 East 90th Street, Apartment 5A, New York, New York.

<u>GENERAL ALLEGATIONS</u>

22.      Upon information and belief, on or about January 1, 1967, defendant Guido Padula entered into a deferred compensation agreement with Columbus Hospital, the predecessor in interest to Cabrini (the "Padula 1967 DCA").

23.     Upon information and belief, on or about April 1, 1975, defendant Guido Padula entered into a deferred compensation agreement with Cabrini Health Care Center – Columbus Hospital (the "Padula 1975 DCA").

24.     Upon information and belief, on or about December 15, 1973, Daniele Salvioni entered into a deferred compensation agreement with Columbus Hospital (the "Salvioni 1973 DCA").

25.     Upon information and belief, on or about August 4, 1978, Daniele Salvioni entered into a deferred compensation agreement with Cabrini Medical Center (the "Salvioni 1978 DCA")

26.     Upon information and belief, on or about December 15, 1975, defendant Angelo Taranta entered into a deferred compensation agreement with Cabrini Health Care Center – Columbus Hospital (the "Taranta 1975 DCA").

4

27.     From time to time, Cabrini placed the monies subject to each of the defendants' deferred compensation agreements into various brokerage accounts.

28.     Ultimately, Cabrini placed the monies subject to the defendants' deferred compensation agreements into accounts with Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch").

29.     Commencing in late 2006 through 2007, pursuant to the terms of each of the agreements with Merrill Lynch, Cabrini transferred the monies from the Merrill Lynch accounts to its general account.

30.     On August 6, 2008, the defendants filed a complaint (the "State Court Complaint"), in the Supreme Court of the State of New York, County of New York (the "State Court") against Cabrini, MSSH-NY and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), index number 602284/2008.

31.     As of the Petition date, the State Court was considering a series of motions to dismiss the State Court Complaint.

32.     Cabrini had filed a motion to dismiss certain portions of the State Court Complaint and MSSH-NY and Merrill Lynch each filed motions seeking to dismiss the State Court Complaint against them in its entirety.

33.     In the State Court Complaint, the defendants alleged that the deferred compensation agreements and the respective accounts set up in accordance with those agreements, were ERISA benefit plans accumulated through Cabrini's withholding monies from the defendants' annual compensation.

34.     On November 14, 2009, the State Court entered an order dismissing the State Court Complaint in its entirety as against Merrill Lynch and MSSH-NY, but granted defendants leave to file an amended complaint.

5

35.     On November 19, 2009, defendant Guido Padula filed Claim No. 391 in the Debtor's Chapter 11 Case (the "Padula Proof of Claim").

36.     Claim No. 391 was filed in the amount of $265,962.

37.     Line 2 of Claim No. 391 referenced "See attached Complaint" as the basis for its claim.

38.     The State Court Complaint was attached to Claim No. 391.

39.     On its face, Claim No. 391 was filed as a general unsecured claim.

40.     On November 19, 2009, defendant Dilva Salvioni filed Claim No. 390 in the Debtor's Chapter 11 Case (the "Salvioni Proof of Claim").

41.     Claim No. 390 was filed in the amount of $619,645.

42.     Line 2 of Claim No. 390 referenced "See attached Complaint" as the basis for its claim.

43.     The State Court Complaint was attached to Claim No. 390.

44.     On its face, Claim No. 390 was filed as a general unsecured claim.

45.     On November 19, 2009, defendant Angelo Taranta filed Claim No. 389 in the Debtor's Chapter 11 Case (the "Taranta Proof of Claim").

46.     Claim No. 389 was filed in the amount of $1,298,724.

47.     Line 2 of Claim No. 389 referenced "See attached Complaint" as the basis for its claim.

48.     The State Court Complaint was attached to Claim No. 389.

49.     On its face, Claim No. 389 was filed as a general unsecured claim.

50.     On November 19, 2009, defendant Mannuccio Mannucci filed Claim No. 388 in the Debtor's Chapter 11 Case (the "Mannucci Proof of Claim").

51.     Claim No. 388 was filed in the amount of $771,843.

52.   Line 2 of Claim No. 388 referenced "See attached Complaint" as the basis for its claim.

53.   The State Court Complaint was attached to Claim No. 388.

54.   On its face, Claim No. 388 was filed as a general unsecured claim.

55.   On March 1, 2010, the defendants made a strategic legal decision to file an amended complaint against only MSSH-NY and Merrill Lynch asserting claims against MSSH-NY for (a) an alleged violation of their rights under deferred compensation plans, ERISA, or New York common law, (b) recovery of benefits under the aforementioned plans, ERISA, or New York common law, (c) misappropriation, and (d) conversion (the "Amended State Court Complaint").

56.   The defendants dropped the direct claims against Cabrini out of the Amended State Court Complaint and sought to hold MSSH-NY liable under a piercing or alter ego theory for Cabrini's actions, by alleging that Cabrini, "at the direction of" MSSH-NY, wrongfully took the funds held in the accounts with Merrill Lynch.

57.   Like the original State Court Complaint, the Amended State Court Complaint is predicated upon defendants' assertions that they were wrongfully deprived of certain deferred compensation pursuant to agreements between the individual defendants (or spouses) and Cabrini.

58.   MSSH-NY moved to dismiss the Amended State Court Complaint in its entirety on or about April 22, 2010.

59.   Merrill Lynch likewise moved to dismiss the Amended State Court Complaint within a short period thereafter.

60.   Prior to argument on the motions held June 15, 2010, the defendants decided to voluntarily dismiss the Amended State Court Complaint as against Merrill Lynch.

7

61.     After oral argument, the State Court entered an order on December 17, 2010 which dismissed the Amended State Court Complaint against MSSH-NY, but again granted leave to the defendants to file a further amended complaint within 30 days from notice of entry in order to avoid dismissal with prejudice.

62.     Shortly thereafter, at the request of former defendant Merrill Lynch, the State Court vacated the December 17, 2010 order on January 4, 2011 (the "Second Dismissal Order") in order to correct a ministerial matter, but changed nothing in the decision with respect to defendants' requirements to replead.

63.     On January 26, 2011, the defendants filed a Motion for Relief from Stay in order to name Cabrini as a defendant in the State Court Action, so as to be able to proceed against MSSH-NY on an alter ego theory of liability (the "Motion for Relief")(Docket No. 560).

64.     On February 2, 2011, defendants filed a notice of appeal with respect to the Second Dismissal Order asserting that the State Court erred as a matter of law in dismissing the "alter-ego action" for failure to join the Debtor as a party.

65.     On February 4, 2011 Cabrini filed a Motion to Fix and Classify the Defendants' Claims as General Unsecured Claims (the "Claims Motion")(Docket No. 584).

66.     The Claims' Motion asserted, *inter alia,* that the monies subject to each of the defendants' deferred compensation agreements were, based on the express language of each agreement, Cabrini's property.

67.     On March 2, 2011, the defendants filed their Objection to the Claims Motion (Docket No. 637), arguing that the monies sought by each of the defendants' proofs of claim were exempt from property of this Debtor's Estate under the alternative

theories that:  (a) the monies were ERISA funds subject to exemption under 11 U.S.C. §541(b)(7);  or (b) that the funds were held in trust by the Debtor for the defendants.

68.    On March 21, 2011, Cabrini filed its Reply to the defendants' Objection to the Claims Motion (Docket No. 670).

69.    On March 21, 2011, the Committee and MSSH-NY each filed a joinder in Cabrini's Reply to the defendants' objection to the Claims Motion (Docket Nos. 671 and 673).

70.    On May 18, 2011 the Court issued a ruling that the issues raised in the Claims Motion, and the opposition thereto, need to be resolved by way of an adversary proceeding.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaration that funds subject to the Padula 1967 DCA were and always remained Cabrini's property)

71.    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 70 of this Complaint as though set forth at length herein.

72.    Defendant Padula maintains that the Padula Proof of Claim seeks the return of monies allegedly belonging to Padula pursuant to the terms of the Padula 1967 DCA and the Padula 1975 DCA.

73.    Defendant Padula maintains that the Padula Proof of Claim seeks the return of monies, which are exempt from this Debtor's Estate.

74.    Paragraph THREE of the Padula 1967 DCA provides, in part, that:

Employer agrees to pay additional compensation of $3,000.00 per year of active employment.

75.    Paragraph THREE of the Padula 1967 DCA provides, in part that:

The additional compensation will be set aside by Employer in  an account with the Irving Trust Company in the Em-

ployer's name and invested in shares of any open-ended In-
vestment Company under the management of Calvin Bul-
lock, Ltd.

76.     Paragraph THREE of the Padula 1967 DCA provides, in part, that:

It is expressly understood that at all securities in the account
shall at all times remain the property of Employer.

77.      Paragraph NINE of the Padula 1967 DCA provides that:

The interests of Employee under this Agreement shall not be
subject to alienation, assignment, attachment, execution or
levy of any kind.

78.     The express language of the Padula 1967 DCA provides that the

funds subject thereto were, and always remained, Cabrini's property.

79.     Based upon the foregoing, a Judgment should be entered declaring

that the funds subject to the Padula 1967 DCA were, and always remained, Cabrini's

property.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaration that funds subject to the Padula 1975 DCA
### were and always remained Cabrini's property)

80.     Plaintiff repeats, re-alleges and incorporates by reference the allega-

tions contained in paragraphs 1 through 79 of this Complaint as though set forth at

length herein.

81.     Defendant Padula maintains that the Padula Proof of Claim seeks

the return of monies allegedly belonging to Padula pursuant to the terms of the Padula

1967 DCA and the Padula 1975 DCA.

82.     Defendant Padula maintains that the Padula Proof of Claim seeks

the return of monies, which are exempt from this Debtor's Estate.

83.     Paragraph 3 of the Padula 1975 DCA provides, in part, that:

On or about the last day of each month beginning with the
first month of the calendar year following the day and year

10

first written above, while employee remains in the employ of
the Corporation, the Corporation will purchase in the name
of the Corporation, mutual fund shares of (Bullock Fund,
Ltd., Dividend Shares, Inc., New York Venture Fund, Inc . . .

84.     Paragraph 3 of the Padula 1975 DCA provides, in part that:

Employee shall have no right in such mutual fund shares,
which shall be the absolute property of the Corporation.

85.     Paragraph 9 of the Padula 1975 DCA provides that:

Neither Employee nor his beneficiary shall have any right to
commute, sell, assign, transfer or otherwise convey the right
to receive any payments hereunder, which payments and
the right thereto are expressly declared to be non-assignable,
non-transferable and non-forfeitable, nor shall any interest of
Employee herein be liable to any claim of any creditor or
subject to any judicial process involving Employee.

86.     The express language of the Padula 1975 DCA provides that the

funds subject thereto were, and always remained,  Cabrini's property.

87.     Based upon the foregoing, a Judgment should be entered declaring

that the funds subject to the Padula 1975 DCA were, and always remained, Cabrini's

property.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaration that funds subject to the Salvioni 1973 DCA
### were and always remained Cabrini's property)

88.     Plaintiff repeats, re-alleges and incorporates by reference the allega-

tions contained in paragraphs 1 through 87 of this Complaint as though set forth at

length herein.

89.     Defendant Salvioni maintains that the Salvioni Proof of Claim seeks

the return of monies allegedly belonging to Salvioni pursuant to the terms of the Salvi-

oni 1973 DCA and the Salvioni 1978 DCA.

90.     Defendant Salvioni maintains that the Salvioni Proof of Claim seeks

the return of monies, which are exempt from this Debtor's Estate.

11

91.     Paragraph 3 of the Salvioni 1973 DCA provides, in part, that:

On or about the last day of each month beginning with the
first month of the calendar year following the day and year
first written above, while employee remains in the employ of
the Corporation, the Corporation will purchase in the name
of the Corporation, mutual fund shares of (Bullock Fund,
Ltd., Dividend Shares, Inc., New York Venture Fund, Inc . . .

92.     Paragraph 3 of the Salvioni 1973 DCA provides, in part that:

Employee shall have no right in such mutual fund shares,
which shall be the absolute property of the Corporation.

93.     Paragraph 9 of the Salvioni 1973 DCA provides that:

Neither Employee nor his beneficiary shall have any right to
commute, sell, assign, transfer or otherwise convey the right
to receive any payments hereunder, which payments and
the right thereto are expressly declared to be non-assignable,
non-transferable and non-forfeitable, nor shall any interest of
Employee herein be liable to any claim of any creditor or
subject to any judicial process involving Employee.

94.     The express language of the Salvioni 1973 DCA provides that the

funds subject thereto were, and always remained, Cabrini's property.

95.     Based upon the foregoing, a Judgment should be entered declaring

that the funds subject to the Salvioni 1973 DCA were, and always remained, Cabrini's

property.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Declaration that funds subject to the Salvioni 1978 DCA
were and always remained Cabrini's property)**

96.     Plaintiff repeats, re-alleges and incorporates by reference the allega-

tions contained in paragraphs 1 through 95 of this Complaint as though set forth at

length herein.

97.     Defendant Salvioni maintains that the Salvioni Proof of Claim seeks

the return of monies allegedly belonging to Salvioni pursuant to the terms of the Salvi-

oni 1973 DCA and the Salvioni 1978 DCA.

12

98.     Defendant Salvioni maintains that the Salvioni Proof of Claim seeks the return of monies, which are exempt from this Debtor's Estate.

99.     Paragraph 3 of the Salvioni 1978 DCA provides, in part, that:

> On or about the last day of each month beginning with the first month of the calendar year following the day and year first written above, while employee remains in the employ of the Corporation, the Corporation will set aside on its books and records $14,000.00 Dollars for the purpose of providing the benefits set forth in paragraph 6 below.

100.    Paragraph 6 of the Salvioni 1978 DCA provides, in part that:

> . . . Any mutual fund shares that may be purchased by the Corporation shall belong solely to the Corporation.

101.    Paragraph 8 of the Salvioni 1978 DCA provides that:

> Neither Employee nor his beneficiary shall have any right to commute, sell, assign, transfer or otherwise convey the right to receive any payments hereunder, which payments and the right thereto are expressly declared to be non-assignable, non-transferable and non-forfeitable, nor shall any interest of Employee herein be liable to any claim of any creditor or subject to any judicial process involving Employee.

102.    The express language of the Salvioni 1978 DCA provides that the funds subject thereto were, and always remained, Cabrini's property.

103.    Based upon the foregoing, a Judgment should be entered declaring that the funds subject to the Salvioni 1978 DCA were, and always remained, Cabrini's property.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Declaration that funds subject to the Taranta 1975 DCA were and always remained Cabrini's property)

104.    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 103 of this Complaint as though set forth at length herein.

13

105.    Defendant Taranta maintains that the Taranta Proof of Claim seeks the return of monies allegedly belonging to Taranta pursuant to the terms of the Taranta 1975 DCA.

106.    Defendant Taranta maintains that the Taranta Proof of Claim seeks the return of monies, which are exempt from this Debtor's Estate.

107.    Paragraph 3 of the Taranta 1975 DCA provides, in part, that:

On or about the last day of each month beginning with the first month of the calendar year following the day and year first written above, while employee remains in the employ of the Corporation, the Corporation will purchase in the name of the Corporation, mutual fund shares of (Bullock Fund, Ltd., Dividend Shares, Inc., New York Venture Fund, Inc . . .

108.    Paragraph 3 of the Taranta 1975 DCA provides, in part that:

. . . Employee shall have no right in such mutual fund shares, which shall be the absolute property of the Corporation.

109.    Paragraph 9 of the Taranta 1975 DCA provides that:

Neither Employee nor his beneficiary shall have any right to commute, sell, assign, transfer or otherwise convey the right to receive any payments hereunder, which payments and the right thereto are expressly declared to be non-assignable, non-transferable and non-forfeitable, nor shall any interest of Employee herein be liable to any claim of any creditor or subject to any judicial process involving Employee.

110.    The express language of the Taranta 1975 DCA provides that the funds subject thereto were, and always remained, Cabrini's property.

111.    Based upon the foregoing, a Judgment should be entered declaring that the funds subject to the Taranta 1975 DCA were, and always remained, Cabrini's property.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Declaration that the Padula Proof of Claim Should be allowed as a general unsecured claim in the amount of $230,119.28)

112.     Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 111 of this Complaint as though set forth at length herein.

113.     The Padula Proof of Claim references the State Court Action as the basis for its claim.

114.     In the State Court Action, defendant Padula seeks the return of monies allegedly taken from the Padula 1967 DCA and the Padula 1975 DCA.

115.     The plain language of the Padula 1967 DCA and the Padula 1975 DCA (collectively, the "Padula DCAs") provides that the funds subject thereto were, and always remained, Cabrini's property.

116.     The plain language of each of the Padula DCAs provides that the funds subject thereto were deferred compensation.

117.     The plain language of each of the Padula DCAs provides that the funds subject thereto were not accumulated through employer withholdings or employee contributions.

118.     The plain language of each of the Padula DCAs makes no mention that the funds subject thereto were to be held in trust for Padula.

119.     As of the Petition Date, and at all times thereafter, there was no *res* for any alleged trust interest asserted by Padula to attach.

120.     Cabrini identified Padula in its Schedule F as having a disputed litigation claim in the amount of $230,199.28.

121.     This amount was based on the measure of the value of the mutual funds accumulated under the Padula DCAs as of the Petition Date.

122.    Based upon the foregoing, the funds subject to the Padula DCAs are not exempt from property of the estate pursuant to 11 U.S.C. §541(b)(7).

123.    Based on the foregoing, the funds subject to the Padula DCAs were not held in trust by Cabrini for Padula.

124.    Based on the foregoing, a Judgment should be entered declaring that the monies sought by the Padula Proof of Claim, are: (i) not held in trust by Cabrini for Padula; and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7).

125.    Based upon the foregoing the a Judgment should be entered declaring that the Padula Proof of Claim No. 391, be allowed as a general unsecured claim in the amount of $230,199.28.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**(Declaration that the Salvioni Proof of Claim Should be allowed as
a general unsecured claim in the amount of $536,211.51)**

126.    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 125 of this Complaint as though set forth at length herein.

127.    The Salvioni Proof of Claim references the State Court Action as the basis for its claim.

128.    In the State Court Action, defendant Salvioni seeks the return of monies allegedly taken from the Salvioni1973 DCA and the Salvioni 1978 DCA.

129.    The plain language of the Salvioni 1973 DCA and the Salvioni 1978 DCA (collectively, the "Salvioni DCAs") provides that the funds subject thereto were, and always remained, Cabrini's property.

130.    The plain language of each of the Salvioni DCAs provides that the funds subject thereto were deferred compensation.

16

131.    The plain language of each of the Salvioni DCAs provides that the funds subject thereto were not accumulated through employer withholdings or employee contributions.

132.    The plain language of each of the Salvioni DCAs makes no mention that the funds subject thereto were to be held in trust for Salvioni.

133.    As of the Petition Date, and at all times thereafter, there was no *res* for any alleged trust interest asserted by Salvioni to attach.

134.    Cabrini identified Salvioni in its Schedule F as having a disputed litigation claim in the amount of $536,211.51.

135.    This amount was based on the measure of the value of the mutual funds accumulated under the Salvioni DCAs as of the Petition Date.

136.    Based upon the foregoing, the funds subject to the Salvioni DCAs are not exempt from property of the estate pursuant to 11 U.S.C. §541(b)(7).

137.    Based on the foregoing, the funds subject to the Salvioni DCAs were not held in trust by Cabrini for Salvioni.

138.    Based on the foregoing, a Judgment should be entered declaring that the monies sought by the Salvioni Proof of Claim, are: (i) not held in trust by Cabrini for Salvioni;  and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7).

139.    Based upon the foregoing, a Judgment should be entered declaring that the Salvioni Proof of Claim No. 390, be allowed as a general unsecured claim in the amount of $536,211.51.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**(Declaration that the Taranta Proof of Claim Should be allowed as
a general unsecured claim in the amount of $1,117,614.95)**

140.     Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 139 of this Complaint as though set forth at length herein.

141.     The Taranta Proof of Claim references the State Court Action as the basis for its claim.

142.     In the State Court Action, defendant Taranta seeks the return of monies allegedly taken from the Taranta 1975 DCA.

143.     The plain language of the Taranta 1975 DCA provides that the funds subject thereto were, and always remained, Cabrini's property.

144.     The plain language of the Taranta 1975 DCA provides that the funds subject thereto were deferred compensation.

145.     The plain language of the Taranta 1975 DCA provides that the funds subject thereto were not accumulated through employer withholdings or employee contributions.

146.     The plain language of the Taranta 1975 DCA makes no mention that the funds subject thereto were to be held in trust for Taranta.

147.     As of the Petition Date, and at all times thereafter, there was no *res* for any alleged trust interest asserted by Taranta to attach.

148.     Cabrini identified Taranta in its Schedule F as having a disputed litigation claim in the amount of $1,117,614.95.

149.     This amount was based on the measure of the value of the mutual funds accumulated under the Taranta 1975 DCA as of the Petition Date.

150.    Based upon the foregoing, the funds subject to the Taranta 1975 DCA are not exempt from property of the estate pursuant to 11 U.S.C. §541(b)(7).

151.    Based on the foregoing, the funds subject to the Taranta 1975 DCA were not held in trust by Cabrini for Taranta.

152.    Based on the foregoing, a Judgment should be entered declaring that the monies sought by the Taranta Proof of Claim, are: (i) not held in trust by Cabrini for Taranta;  and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7).

153.    Based upon the foregoing, a Judgment should be entered declaring that the Taranta Proof of Claim No. 389, be allowed as a general unsecured claim in the amount of $1,117,614.95.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(Declaration that the Mannucci Proof of Claim Should be allowed as**
**a general unsecured claim in the amount of $664,036.47)**

154.    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 153 of this Complaint as though set forth at length herein.

155.    The Mannucci Proof of Claim references the State Court Action as the basis for its claim.

156.    In the State Court Action, defendant Mannucci seeks the return of monies allegedly taken from funds accumulated under a deferred compensation plan established in the "mid-1970s."

157.    Defendant Mannucci did not attach a copy of his alleged deferred compensation plan to the State Court Complaint.

158.    Defendant Mannucci did not attach a copy of his alleged deferred compensation plan to the Mannucci Proof of Claim.

19

159.    Mannucci has failed to provide any support for his claim of priority.

160.    Mannucci has failed to provide any support for his claim that the funds sought by the Mannucci Proof of Claim are exempt from property of this Bankruptcy Estate.

161.    Mannucci has failed to provide any support for his claims that Cabrini held any monies in trust for Mannucci.

162.    As of the Petition Date, and at all times thereafter, there was no *res* for any alleged trust interest asserted by Mannucci to attach.

163.    Cabrini identified Mannucci in its Schedule F as having a disputed litigation claim in the amount of $664,036.47.

164.    Based upon the foregoing, a Judgment should be entered declaring that the monies sought by the Mannucci Proof of Claim, are: (i) not held in trust by Cabrini for Mannucci;  and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7).

165.    Based upon the foregoing, a Judgment should be entered declaring that the Mannucci Proof of Claim No. 388 be allowed as a general unsecured claim in the amount of $664,036.47.

**WHEREFORE,** Cabrini respectfully requests entry of a Judgment in its favor, and declaring that:

A.    On Cabrini's First Cause of Action, that the funds subject to the Padula 1967 DCA were, and always remained, Cabrini's property;

B.    On Cabrini's Second Cause of Action, that the funds subject to the Padula 1975 DCA were, and always remained, Cabrini's property;

C.    On Cabrini's Third Cause of Action, declaring that the funds subject to the Salvioni 1973 DCA were, and always remained, Cabrini's property;

D.      On Cabrini's Fourth Cause of Action, declaring that the funds subject to the Salvioni 1978 DCA were, and always remained, Cabrini's property;

E.      On Plaintiff's Fifth Cause of Action, declaring that the funds subject to the Taranta 1975 DCA were, and always remained, Cabrini's property;

F.      On Plaintiff's Sixth Cause of Action, declaring that the monies sought by the Padula Proof of Claim, are: (i) not held in trust by Cabrini for Padula; and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7);

G.      On Plaintiff's Sixth Cause of Action, declaring that the Padula Proof of Claim No. 391, be allowed as a general unsecured claim in the amount of $230,199.28;

H.      On Plaintiff's Seventh Cause of Action, declaring that the monies sought by the Salvioni Proof of Claim, are: (i) not held in trust by Cabrini for Salvioni; and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7);

I.      On Plaintiff's Seventh Cause of Action, declaring that the Salvioni Proof of Claim No. 390, be allowed as a general unsecured claim in the amount of $536,211.51;

J.      On Plaintiff's Eight Cause of Action, declaring that the monies sought by the Taranta Proof of Claim, are: (i) not held in trust by Cabrini for Taranta; and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7);

K.      On Plaintiff's Eight Cause of Action, declaring that the Taranta Proof of Claim No. 389, be allowed as a general unsecured claim in the amount of $1,117,614.95;

L.      On Plaintiff's Ninth Cause of Action, declaring that the monies sought by the Mannucci Proof of Claim, are: (i) not held in trust by Cabrini for Mannucci;  and (ii) not subject to any exemption under 11 U.S.C. 541(b)(7);

21

M.     On Plaintiff's Ninth Cause of Action, declaring that the Mannucci

Proof of Claim No. 388 be allowed as a general unsecured claim in the amount of

$664,036.47;  and

N.     Granting Cabrini such other and further relief as this Court may

deem just and proper.

Dated:     New York, New York          CABRINI MEDICAL CENTER
           June 17, 2011               Debtor Post-Confirmation
                                       By its Attorneys:
                                       TOGUT, SEGAL & SEGAL LLP
                                       By:


                                       /s/ Frank A. Oswald
                                       FRANK A.  OSWALD
                                       A Member of the Firm
                                       One Penn Plaza, Suite 3335
                                       New York, New York 10019
                                       (212) 594-5000